IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK SILLMAN, | No. 2:14-CV-1945-JAM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| LISA TALCOTT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's request for leave to proceed in forma pauperis (Doc. 2). Plaintiff's complaint, and service thereof by the United States Marshal if appropriate, will be addressed separately. The Clerk of the Court shall not issue summons or set this matter for an initial scheduling conference unless specifically directed by the court to do so. Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security therefor. Plaintiff's motion will be granted.

/ / /

/ / /

/ / /

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In his complaint, plaintiff states that he is seeking enforcement of a United States Bankruptcy Court judgment. He also states that this matter is related to a case pending in the Bankruptcy Court, case no. "09-22188-E-13," an adversary proceeding pending in that court, case no. "12-0202-3-E-13," as well as a bankruptcy appeal pending in this court, case no. 2:14-CV-0587-MCE. Plaintiff asserts that the complaint seeks damages "caused by defendants during violations of the automatic stay of bankruptcy. . . ." Given that plaintiff seeks, among other things, enforcement of a judgment issued in the United States Bankruptcy Court – apparently the same judgment at issue in the related adversary proceeding and bankruptcy appeal – plaintiff shall be required to show cause why this action is properly filed in this court and not the bankruptcy court.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted; and

2. Plaintiff shall show cause in writing within 30 days of the date of this order why this action should not be dismissed without prejudice to re-filing in the United States Bankruptcy Court.

DATED: October 7, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE