IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK SILLMAN, | No. 2:14-CV-1945-JAM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| LISA TALCOTT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1) and plaintiff's response (Doc. 5) to the court's order to show cause why the action should not be dismissed for lack of jurisdiction.

In the order to show cause, the court stated:

> In his complaint, plaintiff states that he is seeking enforcement of a United States Bankruptcy Court judgment. He also states that this matter is related to a case pending in the Bankruptcy Court, case no. "09-22188-E-13," an adversary proceeding pending in that court, case no. "12-0202-3-E-13," as well as a bankruptcy appeal pending in this court, case no. 2:14-CV-0587-MCE. Plaintiff asserts that the complaint seeks damages "caused by defendants during violations of the automatic stay of bankruptcy. . . ." Given that plaintiff seeks, among other things, enforcement of a judgment issued in the United States Bankruptcy Court – apparently the same judgment at issue in the related adversary proceeding and bankruptcy appeal – plaintiff shall be required to show cause why this action is properly filed in this court and not the bankruptcy court.

In response to the order to show cause, plaintiff argues that this court, and not the bankruptcy

1

court, should hear his dispute because: (1) the bankruptcy court lacks authority to hear the dispute; (2) the case is too complicated for the bankruptcy court; and (3) the case requires more "discipline" than the bankruptcy court can provide.

The court does not agree. This case stems from the bankruptcy petition filed by Sillman. In the context of that proceeding, Sillman initiated an adversary proceeding against John Walker and Lisa Talcott alleging violations of the automatic stay. In a January 21, 2014, Memorandum Opinion and Decision, United States Bankruptcy Judge Ronald H. Sargis entered judgment in favor of Sillman against Walker and Talcott and determined that "the April 1009 non-judicial foreclosure sale and the April 2009 Trustee's Deed issued pursuant thereto are void for being in violation of the automatic stay in the Rick Sillman Chapter 13 case. . . ." The bankruptcy court also concluded that neither Walker nor Talcott acquired any interest in the "5 Powtan Property" and that title at all times remained with Sillman. The court ordered Walker to pay $45,000.00 in damages to Sillman. As to Talcott, the bankruptcy court stated:

> Though Lisa Talcott is named as a Defendant, Plaintiff-Debtor [Sillman] did not present the court with evidence to establish a claim for the continuing violation of the automatic stay by Talcott. Though Plaintiff-Debtor may have disputes with Talcott, it is Walker who engaged in the conduct that violated the automatic stay. It is the Plaintiff-Debtor and Walker who have been locked in the violation of automatic stay death spiral which has culminated with this trial.
> With respect to the determination that the non-judicial foreclosure sale was in violation of the automatic stay, and such sale and trustee's deed issued thereon are void, the court grants judgment for Plaintiff-Debtor and against Talcott. The court grants judgment for Lisa Talcott and against Plaintiff-Debtor on the other remaining claims in the FAC for violation of the automatic stay, and the Plaintiff-Debtor takes nothing from Talcott thereon.

Walker appealed the January 21, 2014, decision to this court. See In re Sillman, 2:14-CV-0587-MCE. In a March 20, 2015, decision, Judge England affirmed.

It appears that the gravamen of plaintiff's argument that this court should hear the instant action is plaintiff's belief that the dispute with respect to Talcott is unresolved because the bankruptcy court lacked the authority and/or sophistication to resolve it. This is simply not true.

The January 21, 2014, decision makes clear that the dispute as against Talcott was in fact resolved.  Specifically, the bankruptcy court concluded that plaintiff had not presented evidence that Talcott violated the automatic stay.  Moreover, the court directed Walker to pay damages and said that Sillman takes nothing from Talcott.  Nowhere did the bankruptcy court state that it lacked authority to rule on Sillman's claims against Talcott.  To the contrary, the court ruled in her favor on the damages claims.

With Judge England's decision affirming the bankruptcy court's determinations, the matter was resolved.  Plaintiff Sillman, through this action, is attempting a second bite at the apple.  Plaintiff had an opportunity to litigate his claims of damages resulting from violation of the automatic stay and won as against Walker and lost as against Talcott.  The current action, which seeks to re-litigate these claims, should be dismissed.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 24, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE